UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AGC-INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 701 HEALTH AND WELFARE TRUST FUND,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT BEELER and KRISTIN BEELER, Idaho Residents; CRAIG SWAPP & ASSOCIATES, a Washington law firm,<br><br>Defendants. | CASE NO. 2:24-cv-00725-JHC<br><br>ORDER GRANTING TEMPORARY RESTRAINING ORDER |

# I

## INTRODUCTION

This matter is before the Court on the AGC-International Union of Operating Engineers Local 701 Health and Welfare Trust Fund's (Health Trust) motion for ex parte entry of a temporary restraining order (TRO) and, upon notice and hearing, entry of a preliminary injunction against Defendants Scott Beeler, Kristin Beeler, and Craig Swapp & Associates. Dkt. # 2.

ORDER GRANTING TEMPORARY RESTRAINING ORDER - 1

After consideration of the Health Trust's verified complaint, motion, supporting papers with exhibits, and certification, and for the reasons set forth below, the Court GRANTS the Health Trust's ex parte motion for a TRO.

## II

### BACKGROUND

The Health Trust is a self-funded insurance plan under the Employee Retirement Income Security Act (ERISA).  Dkt. # 1 at 1.  Its board of trustees, as fiduciaries, brings this action in the name of the Health Trust.  Dkt. # 2 at 2.  The Health Trust provides a Plan with the purpose of providing health and welfare benefits to its participants and beneficiaries.  Dkt. # 1 at 1.

Defendant Scott Beeler is a participant, along with his wife Kristin Beeler as a beneficiary.  Dkt. # 1 at 2.

The Health Trust alleges that Kristin Beeler was injured on June 23, 2019.  She brought liability claims against a third party.  Dkt. # 1 at 2.  The Plan terms provide for payment of medical claims incurred as a result of injuries caused by third parties so long as the participant executes a subrogation-reimbursement agreement.  *Id.* at 4–5.  The Health Trust alleges it is entitled to reimbursement of those medical claims it paid because Kristin Beeler has recovered damages from a third party (the Settlement Proceeds).  *Id.* at 6.  The Health Trust alleges that the subrogation and reimbursement provisions of the Plan entitle it to partial, if not full, reimbursement in this matter from those specifically-identified funds.  Dkt. # 2 at 10.

ORDER GRANTING TEMPORARY RESTRAINING ORDER - 2

## III

### LEGAL STANDARDS

The legal standards that apply to injunctions apply to TROs as well. *Stuhlbarg Int'l Sales Co v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (preliminary injunction and temporary restraining order standards are "substantially identical"). A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008). To obtain a TRO, Plaintiffs must show that they are (1) likely to succeed on the merits, (2) likely to suffer irreparable harm without preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). The first two factors are the most critical. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." Local Rules W.D. Wash. 65(b)(1). A court may issue a TRO without notice to the adverse party and an opportunity for them to be heard only if the requirements of Fed. R. Civ. P. 65(b) are satisfied. *Id.*; *see Methinx Ent., LLC v. Ent. Magpie Ltd.*, No. 2:21-CV-01049-RAJ, 2021 WL 3510378, at *2 (W.D. Wash. Aug. 10, 2021); *Kyko Glob., Inc. v. Prithvi Info. Sols., Ltd.*, No. 13-cv-1034, 2013 WL 12173381, at *2 (W.D. Wash. June 19, 2013).

Federal Rule of Civil Procedure 65(b) outlines two requirements for a court to issue a TRO without notice to the adverse party: first, "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" and second, "the movant's

ORDER GRANTING TEMPORARY RESTRAINING ORDER - 3

attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Unless these requirements are satisfied, "the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion."  Local Rules W.D. Wash. 65(b)(1).

Ex parte TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974).

## IV

### DISCUSSION

First, Health Trust has provided sufficient evidence that there is a likelihood of success on the merits of its claim for reimbursement.  Under 29 U.S.C. § 1132(a)(3), the Health Trust is authorized to bring a cause of action to either (i) "enjoin any act . . . which violates [ERISA] or the terms of the plan[;]" or (ii) "to obtain other appropriate equitable relief" to redress such violations or enforce ERISA or the terms of the plan.  Imposition of an equitable lien or constructive trust—the relief sought here—is considered appropriate equitable relief under ERISA.  *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 362–63 (2006).

Second, the Health Trust appears likely to suffer irreparable harm absent entry of a TRO by this Court.  Under Supreme Court precedent, the Health Trust is unable to bring an action for equitable relief under ERISA § 502(a)(3) when a participant "obtains a settlement fund from a third party, but spends the whole settlement on nontraceable items[.]"  *Montanile v. Board of Trustees of Nat. Elevator Industry Health Benefit Plan*, 577 U.S. 136, 139, 142, 145 (2016).

ORDER GRANTING TEMPORARY RESTRAINING ORDER - 4

Further, Health Trust has certified in writing their reasonable belief that notice of this motion for a TRO "would likely enable Defendants to disburse and/or dissipate the Settlement Proceeds before this Court can enter a temporary restraining order." Dkt. # 4 at 1. Health Trust explains:

> As set forth in the Health Trust's verified complaint, Laura Black as counsel for Defendants stated "we are settling". This statement along with failure to offer to hold a portion of the Settlement Proceeds on behalf of the Health Trust leave the Health Trust with a reasonable belief that Defendants intend to disburse the Settlement Proceeds without reimbursing the Health Trust, causing imminent and potentially irreparable harm.

Dkt. # 4 at 2.

Third, the balance of equities weighs in favor of granting the TRO. In granting Health Trusts' motion, the Court is maintaining the status quo until a forthcoming preliminary injunction hearing. As explained by Health Trust, "[t]he alternative is to deny the Healthcare Trust's motion for entry of a temporary restraining order, which then allows Defendant's opportunity and time in which to disburse or disseminate all of the Settlement Proceeds," which, as explained above, could put these proceeds out of Health Trust's reach. *Montanile*, 577 U.S. at 139, 142, 145.

Finally, granting Health Trust's TRO advances the public interest.[1] As explained by Health Trust, "[e]nforc[ing] . . . subrogation and reimbursement provisions contained in the Plan is in the public's interest because it is beneficial to ensuring stability of ERISA plans." Dkt. # 2 at 12.

---

[1] Health Trust's motion titles the subsection of the final factor, "Balance of the Equities is in the Health Trust's Favor," duplicating the title of its subsection for the third factor. Dkt. # 2 at 11. Given the content of the final subsection, the Court assumes Health Trust intended to address the final factor therein, i.e., whether an injunction is in the public interest. *Stormans, Inc.*, 586 F.3d at 1127.

ORDER GRANTING TEMPORARY RESTRAINING ORDER - 5

# V

## CONCLUSION

Based on the above, the Court ORDERS:

1. The Health Trust's ex parte motion for a temporary restraining order, Dkt. # 2, is GRANTED;

2. Defendants are ordered not to dispose of or otherwise dissipate the Settlement Proceeds without further order of this Court;

3. The Court RESERVES deciding whether a bond will be required;

4. This Order is entered without notice to Defendants. The Healthcare Trust must personally serve Defendants with the summons, verified complaint, its motion with supporting papers, the certification, and a copy of this Order as soon as possible. The Court requires Plaintiff to certify no later than Tuesday, May 28, 2024, that it has served such documents on Defendants.

5. Any Response to the Health Trust's Motion shall be filed with the Court no later than Tuesday, June 4, 2024. Any Reply shall be filed with the Court no later than Wednesday, June 5, 2024.

6. The Court will hear oral argument on the Plaintiff's motion for a preliminary injunction on Thursday, June 6, 2024, at 3:00 p.m. before the Honorable John H. Chun, United States District Judge, in Courtroom **14A** of the United States District Court for the Western District of Washington, located at 700 Stewart Street, Seattle, WA 98101.

Dated this 24th day of May, 2024.

_____
John H. Chun
United States District Judge

ORDER GRANTING TEMPORARY RESTRAINING ORDER - 7